PROB 12C
(06/17)

June 13, 2018
pacts id: 3885733

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ruben Galvan (English)  **Dkt No.:** 17CR02591-001-WQH

**Reg. No.:** 64334-298

**Name of Sentencing Judicial Officer:** The Honorable William Q. Hayes, U.S. District Judge

**Original Offense:** 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(II), and (a)(1)(B)(i), Transportation of Certain Aliens for Financial Gain and Aiding and Abetting, a Class C felony.

**Date of Sentence:** December 18, 2017

**Sentence:** Time served (135 days' custody); Three years' supervised release *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release    **Date Supervision Commenced:** December 18, 2017

**Asst. U.S. Atty.:** Nicholas W. Pilchak/Oleksandra Johnson    **Defense Counsel:** Michael D. Stein
(Appointed)
619-232-8987

**Prior Violation History:** None.

## PETITIONING THE COURT

**TO ISSUE A NO-BAIL BENCH WARRANT**

PROB12(C)

Name of Offender: Ruben Galvan  June 13, 2018
Docket No.: 17CR02591-001-WQH  Page 2

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)**<br>The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. *(nv3)* | 1. On or about January 31, and April 5, 2018, Mr. Galvan used a controlled substance, to wit: methamphetamine and cocaine, as evidenced by his admission to the probation officer on February 28, and April 5, 2018.<br><br>2. On or about February 25, 2018, Mr. Galvan used a controlled substance, to wit: marijuana, methamphetamine, and cocaine, as evidenced by his admission to the probation officer on February 28, 2018. |
| **(Standard Condition)**<br>Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)* | 3. On February 13, March 6, March 8, March 27, April 9, and May 7, 2018, Mr. Galvan failed to comply with drug testing requirements as instructed by the probation officer, in that he failed to submit urine specimens at the U.S. Probation Office, as required. |

***Grounds for Revocation:*** As to allegation 1, Mr. Galvan reported to the U.S. Probation Office on January 31, and April 5, 2018, and submitted urine specimens that screened positive for amphetamines and cocaine. When informed of the positive test results on February 28, and April 5, 2018, Mr. Galvan admitted to the probation officer to using methamphetamine and cocaine on January 31, and April 2, 2018. In addition to Mr. Galvan's verbal admission to the probation officer about his drug usage, the offender also provided a written admission statement.

As to allegation 2, Mr. Galvan reported to the U.S. Probation Office on February 25, 2018, and submitted a urine specimen that screened positive for marijuana, amphetamines and cocaine. When informed of the positive test results on February 28, Mr. Galvan admitted to the probation officer to using marijuana, methamphetamine and cocaine on February 25, 2018. In addition to Mr. Galvan's verbal admission to the probation officer about his drug usage, the offender also provided a written admission statement.

As to allegation 3, I have received and reviewed the TASC Collection Reports for which confirm that on the above dates; Mr. Galvan failed to appear to submit urine samples, as required. On December 21, 2017, the probation officer reviewed written instructions for drug testing with Mr. Galvan, and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Galvan was instructed to call the drug testing line and report for testing when required in the automated testing line recording.

| (Standard Condition) Answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. *(mv8)* | 4. Mr. Galvan failed to report via the electronic reporting system for the months of January, February, March, and April, 2018, as directed by the probation officer. |

***Grounds for Revocation:*** As to allegation 4, on January 16, 2018, Mr. Galvan was provided with reporting instructions to submit monthly supervision reports through an electronic reporting system known as TASC. Mr. Galvan failed to report via the electronic reporting system for the months of January, February, March, and April, 2018.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On December 18, 2017, Mr. Galvan commenced supervision in the Central District of California. Almost immediately after his placement on supervision, he began to revert back to his substance abuse. During a home inspection on February 27, 2018, Mr. Galvan advised that his issues with his ex-girlfriend, and pending criminal charges stemming from a credit card theft that occurred prior to the offense of his conviction, had caused him stress and drove him to relapse. Due to Mr. Galvan's use of drugs, the probation officer had Mr. Galvan sign a waiver to add substance abuse treatment to his supervision conditions. Unfortunately, Mr. Galvan failed to report via the electronic reporting system and was unable to be located; therefore, the substance abuse treatment condition was not requested and his continued non-compliance escalated to the following bench warrant request.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Galvan has prior convictions for failing to appear, contempt of court, providing liquor to a minor, violation of a promise to appear, multiple traffic violations, possession/use of marijuana, possession of drug paraphernalia, theft of a credit card, and shoplifting. In addition to this, he also has arrests for possession of methamphetamine, third degree burglary, disorderly conduct, theft of property, credit card theft and fraudulent use of a credit card (conviction pending). Mr. Galvan was born in San Bernardo, California and has one daughter. Mr. Galvan first experimented with marijuana at age 17. He first used cocaine and methamphetamine at age 17 and used both drugs regularly up until 2008. He previously attended both residential and outpatient drug treatment. Mr. Galvan is unemployed and was also unemployed at the time of his arrest.

PROB12(C)

Name of Offender: Ruben Galvan  June 13, 2018
Docket No.: 17CR02591-001-WQH  Page 4

## SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

**Mandatory Revocation:** If it is determined that the offender has violated the conditions of supervised release by refusing to comply with drug testing, the court is required to revoke supervised release and impose a sentence that includes a term of imprisonment. 18 U.S.C. § 3583(g)(3), and USSG §7B1.4, p.s., comment. (n.5).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 24 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (use of a controlled substance, failure to appear for drug testing, and failure to follow the instructions of the probation officer) constitute Grade C violations. USSG §7B1.1(a)(3), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category III (determined at the time of sentencing) establishes an **imprisonment range of 5 to 11 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since at the time of original sentencing the court departed from the applicable Criminal History Category, an upward departure may be warranted upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.2), and 18 U.S.C. § 3583(e)(3).

### REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of <u>36 month(s)</u> supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

PROB12(C)
Name of Offender: Ruben Galvan
Docket No.: 17CR02591-001-WQH

June 13, 2018
Page 5

## JUSTIFICATION FOR BENCH WARRANT

Mr. Galvan's continued drug use presents a danger to the community; therefore, the issuance of a warrant is recommended to ensure his appearance before Your Honor.

## RECOMMENDATION/JUSTIFICATION

Mr. Galvan is before the Court for his first time in his short period of supervised release. Mr. Galvan received a break at sentencing and was incarcerated for 135 days; however, it appears this incarceration period did little to motivate him to comply with supervision as he has already breached the trust of the Court.

If the allegations are sustained, it is respectfully recommended that Mr. Galvan's supervised release be revoked and that he be sentenced to 5 months' custody. It is believed that the low-term of the guideline range is sufficient to address the breach of the Court's trust. Conditions of supervised release should include all conditions previously imposed, with the addition that he enter and complete a residential drug treatment program. It is also recommended that the standard substance abuse treatment condition be imposed so that he is able to receive outpatient services after completing a residential drug treatment program. It is believed that a term of imprisonment followed by immediate placement in a residential treatment program will help address his substance abuse addiction and provide him a platform to change his lifestyle pattern and return to the community sincerely motivated.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: June 13, 2018**

Respectfully submitted:
DAVID J. SULTZBAUGH
CHIEF PROBATION OFFICER

by _____
Nicole Fisher
U.S. Probation Officer
619-446-3843

Reviewed and approved:

_____
Lori A. Faubel
Supervising U.S. Probation Officer

PROB12CW                                                                                                                June 13, 2018

# VIOLATION SENTENCING SUMMARY

1. **Defendant:** Galvan, Ruben

2. **Docket No. (Year-Sequence-Defendant No.):** 17CR02591-001-WQH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Use of a controlled substance | C |
| Failure to appear for drug testing | C |
| Failure to follow the instructions of the probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))           [ C ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                 [ III ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))              [ 5 to 11 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

| | | | |
|---|---|---|---|
| Restitution ($) | _____ | Community Confinement | _____ |
| Fine($) | _____ | Home Detention | _____ |
| Other | $100 SA | Intermittent Confinement | _____ |

PROB12(C)

| | |
|---|---|
| Name of Offender: Ruben Galvan | June 13, 2018 |
| Docket No.: 17CR02591-001-WQH | Page 7 |

**THE COURT ORDERS:**

__✓__  AGREE. A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

_____  DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____  Other _____

_____    _____
The Honorable William Q. Hayes            Date  6/14/18
U.S. District Judge